IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FLETCHER SINGLETARY, JR., | |
| Plaintiff, | CIVIL ACTION NO.: |
| v. | |
| OMEGA STEEL, INC., | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

**COMES NOW**, Fletcher Singletary, Jr., Plaintiff in the above captioned action, by and through her counsel of record, and files this Complaint against Defendant Omega Steel, Inc. and shows this Honorable Court the following:

## INTRODUCTION

This is an action alleging age and disability discrimination and retaliation in violations of the Age Discrimination in Employment Act of 1967, as amended and the Americans with Disabilities Act of 1990, as amended ("ADA"), which prohibits discrimination on the basis of disability and retaliation on the basis of protected activity (requesting reasonable accommodations). Plaintiff is seeking injunctive, equitable, and monetary relief against Defendant.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is over the age of eighteen (18) and is a resident of Evans County, Georgia.

2. Defendant is a domestic profit corporation, registered and authorized to conduct business in the State of Georgia. Defendant is located in Chatham County, Georgia and all conduct alleged in this Complaint occurred in Chatham County, Georgia. Service may be had upon its Registered

Agent, Drexel Taylor, located at 3375 US Highway 80, Bloomington, Chatham County, Georgia 31302.

3. Jurisdiction and venue are proper.

4. Plaintiff has timely fulfilled all administrative requirements prior to bringing this action.

## FACTUAL ALLEGATIONS

5. Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

6. At all times relevant to this Complaint, Plaintiff worked for Defendant as a sandblaster in the paint department commencing sometime in June 2011.

7. At all times relevant to this Complaint, Plaintiff is a senior citizen being born on September 14, 1954 and 66 years old.

8. Plaintiff is a person with a disability as defined by the ADA. Specifically, Plaintiff suffers/suffered from chronic lung and heart disease.

9. Defendant was aware of Plaintiff's condition and need for workplace accommodations based on written documentation from his doctors which Plaintiff provided to Defendant.

10. On or about April 2, 2020, Plaintiff provided Defendant with a note from his physician stating his recommendation for Plaintiff to stay home from work due to Plaintiff's vulnerability and risk to contracting the COVID-19.

11. At all times relevant to this Complaint, Defendant knew or should have known that the COVID-19 mortality rate was highest among those who are senior citizens and those with pre-existing respiratory conditions, including heart and lung disease.

12. On or about April 2, 2020, Plaintiff inquired with Sable Taylor about his eligibility for benefits under the federal government's Coronavirus Aid Relief entitled Payroll Protection Program (hereinafter "PPP").

13. Plaintiff was informed that due to his age and disabilities, he would qualify to receive benefits as his doctor has already established Plaintiff's risk and excused him from work as a result of those risks.

14. On or about April 5, 2020, Plaintiff informed Sable Taylor that he would not return to work until the end of the pandemic due to his high-risk and vulnerabilities to contracting the COVID-19 virus and as his medical doctor recommended.

15. On or about April 5, 2020, Defendant's owner, Drexel Taylor, informed Plaintiff that he did not qualify and would not receive benefits under PPP because Plaintiff was choosing or refusing to work.

16. On or about November 10, 2020, Plaintiff received a letter from his health insurance carrier informing him that his medical coverage ended on October 1, 2020, the date of his termination.

17. Defendant, at no time relevant to this Complaint, informed Plaintiff that he was in jeopardy of losing his position, the reasons for his termination, nor corrective actions to be taken in order to save his position with the company.

18. Defendant intentionally discriminated against Plaintiff based on his age and disability, his history of disability, and/or Defendant's perception of Plaintiff as an individual with a disability, by failing to allow Plaintiff to receive Coronavirus relief benefits under PPP and stay home from work in an effort to reduce his risk of contracting the deadly COVID-19 virus as his doctor ordered.

19. Defendant's actions violates Plaintiff's rights under the Americans with Disabilities Act, as amended. Plaintiff also believes that Defendant's termination of his employment was in

retaliation of Plaintiff's decision to follow his doctor's orders and remain home from work due to his high-risk and vulnerabilities of contracting the COVID-19 virus. Plaintiff also alleges that these actions were in violation of the provisions of the Federal Legislation covering the PPP program.

20. On or about May 19, 2021, Plaintiff received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission office in Savannah, GA. (Notice is attached hereto as "Exhibit A").

21. Defendant's actions resulted in Plaintiff's unduly loss of employment, income, health insurance coverage, and retirement benefits.

22. Plaintiff suffered an adverse employment termination as a result of his inability to continue working through a global pandemic of which he is most susceptible to contracting, and with fatal consequences, due to his age and disabilities.

## CAUSE OF ACTION
## COUNT 1

**Termination in Violation of the Americans with Disability Act, as Amended (ADA)**

23. Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

24. Defendant is an employer in accordance with 42 U.S.C. §12111(5).

25. Plaintiff is a person with a disability in that he has a physical impairment which substantially limits one or more of his major life activities. 42 U.S.C. §12102. Furthermore, he is a qualified individual with a disability in that he has a record of impairment and is perceived as having an impairment which substantially limits one or more major life activities in accordance with 42 U.S.C. §12102.

26. Despite Plaintiff's disability, he is and was able to perform the essential functions of his position as a sandblaster for Defendant over the past nine (9) years.

27. Defendant intentionally, maliciously, and with reckless indifference failed and terminated the Plaintiff because of his actual or perceived disability or his record of a disability.

28. Plaintiff seeks to redress the wrongs alleged herein in this Complaint.

29. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

30. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment security, loss of income and financial security, and loss of several health insurance and retirement benefits. Additionally, Plaintiff has suffered injury, including pain, humiliation, mental anguish and suffering and loss of enjoyment of life.

## COUNT II

### Retaliation in Violation of the Americans with Disability Act, as Amended (ADA)

31. Plaintiff re-alleges and incorporates the allegations contained in all prior paragraphs of this Complaint as if fully alleged herein.

32. After Plaintiff notified Defendant of his health concerns with working during the pandemic, Plaintiff was treated differently because of his disabilities. Plaintiff was given conflicting responses to his inquiries about PPP relief depending on which manager he was speaking with at the time.

33. Plaintiff's inquiry about PPP with Drexel Taylor resulted in the false accusation that Plaintiff chose or refused to work and did not acknowledge the serious health threats imposed on Plaintiff if he continued to work; nor did it acknowledge Plaintiff's doctor's orders to stay home due to his age and disabilities.

34. Plaintiff, at all times relevant to this Complaint, has first-hand knowledge of his medical condition and limitations, and as such, he adhered to the recommendations of Coronavirus

scientists and researchers, and adhered to his doctor's orders, by staying home and staying safe, until the pandemic slowed down. As a result of this concern, he was terminated.

35. Defendant's reasons for Plaintiff's termination was a pretext for discrimination because of disability and in retaliation for Plaintiff's making complaints about his treatment because of his disability and/or discrimination.

36. Defendant intentionally, maliciously, and with reckless indifference terminated Plaintiff in retaliation for his complaints about his treatment received after inquiring to the owner about his qualification for PPP benefits while he stayed home from work because of his disability and/or discrimination.

37. Plaintiff seeks to redress the wrongs alleged herein in this suit for the loss of his employment and income security, an injunctive and a declaratory judgment. Plaintiff is now suffering, and will continue to suffer, irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

38. As a result of Defendant's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment, loss of income, and loss of health insurance and retirement benefits. Additionally, Plaintiff has suffered injury, including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the defendant are violative of the rights of Plaintiff as secured by the Americans With Disabilities of Act 1990, as amended, 42 U.S.C. Section 12101, et seq. and §504.

2. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the Age Discrimination in Employment Act of 1967, as amended, and the Act of Congress known as the Americans With Disabilities of Act 1990, as amended, 42 U.S.C. Section 12101, et seq. and §504.

3. Enter an Order requiring the Defendants to make the Plaintiff whole by awarding him monetary judgment for lost wages and benefits, to include, medical overpayments and fees incurred with his health insurance carrier.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

Respectfully submitted,

This, the ____ day of _____, 2021.

/s/ Joseph J. Steffen, Jr.
Joseph J. Steffen, Jr.
GEORGIA BAR NO.: 677766
*Attorney for Plaintiff*

Law Office of Joseph J. Steffen, Jr.
317 Tattnall Street
Savannah, Georgia 31401
(912) 604-4147
*steffjj@aol.com*